JUDGE MARRERO

HAHN & HESSEN LLP
Steven J. Mandelsberg
Jonathan M. Proman
488 Madison Avenue
New York, New York 10022
Tel: (212) 478-7200
Fax: (212) 478-7400

**10 CIV 3772**

*Attorneys for Plaintiff ADP Federal Credit Union*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

ADP FEDERAL CREDIT UNION,

               Plaintiff,

  - against -

MOUNT VERNON MONEY CENTER CORP.,
ROBERT EGAN, and
BERNARD MCGARRY,

               Defendants.

------------------------------------------------------------x

Case No. 10-

ECF Case

**COMPLAINT**



RECEIVED MAY -7 2010 U.S.D.C. S.D.N.Y. CASHIERS

    Plaintiff ADP Federal Credit Union ("ADPFCU"), by its attorneys Hahn & Hessen LLP, for its Complaint against defendants Mount Vernon Money Center Corp. ("Mt. Vernon"), Robert Egan ("Egan"), and Bernard McGarry ("McGarry"; and collectively with Mt. Vernon and Egan, the "Defendants") hereby alleges:

### THE PARTIES

    1.    ADPFCU is a federally chartered credit union maintaining its principal place of business in Roseland, New Jersey.

    2.    Mt. Vernon is a New York corporation with its principal place of business in Mount Vernon, New York.

3. Egan is an individual who is believed to be a domiciliary or resident of Westchester County, New York.

4. McGarry is an individual who is believed to be a domiciliary or resident of Westchester County, New York.

## JURISDICTION AND VENUE

5. Pursuant to 28 U.S.C. § 1332, this Court has subject matter jurisdiction over this action because it is between citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

6. Pursuant to 28 U.S.C. § 1391(a)(1) and (a)(2), venue of this action is proper because all Defendants reside in the Southern District of New York and a substantial part of the events giving rise to ADPFCU's claim occurred in the Southern District of New York.

## ALLEGATIONS COMMON TO ALL CLAIMS

### A. Pertinent Background: Mt. Vernon's Agreement to Service ADPFCU-Owned Automated Teller Machines

7. This action is brought by ADPFCU to recover the principal sum of $438,360.00 stolen by Defendants.

8. Prior to the February 8, 2010 arrest of Egan, its President and owner, and the March 11, 2010 arrest of McGarry, its Chief Operating Officer, Mt. Vernon was in the business of stocking, replenishing and servicing automated teller machines ("ATMs").

9. On or about and effective as of February 12, 2010, Mt. Vernon was placed into receivership by Order of this Court and Allen D. Applbaum of FTI Consulting was appointed as Receiver of Mt. Vernon.

10. At all times material to the claims set forth herein, ADPFCU contracted with Nationwide Money Services, Inc. ("Nationwide") to stock, replenish and service ADPFCU's

ATMs, including those located in New York and New Jersey.

11. At all times material to the claims set forth herein, Mt. Vernon assumed the obligation to stock, replenish and service the New York and New Jersey ADPFCU ATMs pursuant to a subcontract with Nationwide.

12. The Mt. Vernon-Nationwide subcontract became effective as of November 1, 2006 and continued in full force and effect at all times material to the claims set forth herein.

### B. ADPFCU-Owned Cash Was Stored at Mt. Vernon Vaults

13. Mt. Vernon's business of stocking, replenishing and servicing ATMs included both (i) safeguarding cash owned by financial institutions, including ADPFCU, obtained from the United States Federal Reserve and (ii) safeguarding cash retrieved from ATMs, including that of ADPFCU, pending return of such cash to its owner.

14. Mt. Vernon maintained several vaults in Westchester County, New York to help safeguard cash entrusted to it.

15. On February 8, 2010 Mt. Vernon obtained from the Federal Reserve $60,000 of ADPFCU-owned cash and stored it at one of its Westchester County, New York vaults.

16. On February 9, 2010, Mt. Vernon obtained from the Federal Reserve an additional $180,000 of ADPFCU-owned cash and stored it at one of its Westchester County, New York vaults.

17. Both sums of cash obtained from the Federal Reserve were to be used to stock ADPFCU ATMs.

18. Mt. Vernon's vault also contained an additional $198,360.00 of cash owned by ADPFCU, which should have been returned to an ADPFCU bank account.

### C. Defendants' Theft of ADPFCU's Cash

19. Mt. Vernon was obligated to segregate each customer's cash, such as that of ADPFCU, from that of the other businesses serviced by Mt. Vernon, and to use cash in its possession to stock ATMs, return cash to its customers' accounts, or otherwise handle cash in a manner directed by its customers.

20. Instead, Defendants knowingly, intentionally and unjustifiably stole and converted cash of ADPFCU (and that of other Mt. Vernon customers).

21. Defendants did so in order to (i) cover operating expenses of and losses suffered by Mt. Vernon and (ii) personally enrich Egan and McGarry.

22. To conceal their conduct, Defendants created and distributed false written and oral financial reports to ADPFCU, falsely accounting for ADPFCU-owned cash which, like that of other Mt. Vernon customers, Defendants had knowingly, intentionally and unjustifiably stolen and converted.

### D. FBI Investigation of Defendants' Criminal Scheme

23. Since approximately 2005 Defendants began comingling and misappropriating its customers' cash, as described herein.

24. On or about January 29, 2010, Egan admitted to the above misconduct during a recorded phone conversation, which was delivered to the Federal Bureau of Investigation.

25. Thereafter, the United States Attorney's Office for the Southern District of New York commenced criminal proceedings against Egan and McGarry.

26. Egan and McGarry were arrested by federal authorities on February 8, 2010 and March 11, 2010, respectively, and are awaiting a criminal trial.

## FIRST CLAIM FOR RELIEF
## CONVERSION AGAINST MT. VERNON
### (incorporating all previous allegations)

27. At all times material to the claims set forth herein, ADPFCU's cash in the possession of Mt. Vernon remained ADPFCU-owned property.

28. Mt. Vernon unlawfully converted ADPFCU's cash for its personal benefit and for the purpose of, among other things, covering Mr. Vernon operating expenses and business losses.

29. Mt. Vernon falsely represented to ADPFCU both orally and in writing that ADPFCU's cash was segregated from other Mt. Vernon customers and was properly accounted for.

30. As a result of Mt. Vernon's conversion of ADPFCU-owned cash, Mt. Vernon is liable to ADPFCU, jointly and severally, in the principal amount of $438,360.00, plus interest at the rate provided by 28 U.S.C. § 1961 and punitive damages in the amount of no less than $400,000.00.

## SECOND CLAIM FOR RELIEF
## CONVERSION AGAINST EGAN
### (incorporating all previous allegations)

31. At all times material to the claims set forth herein, Egan was aware that Mt. Vernon possessed ADPFCU-owned cash at its vault.

32. Egan unlawfully converted ADPFCU's cash for his personal enrichment.

33. As a result of this conversion, Egan is liable to ADPFCU, jointly and severally, in the principal amount of $438,360.00, plus interest at the rate provided by 28 U.S.C. § 1961 and punitive damages in the amount of no less than $400,000.00.

## THIRD CLAIM FOR RELIEF
## CONVERSION AGAINST MCGARRY
### (incorporating all previous allegations)

34. At all times material to the claims set forth herein, McGarry was aware that Mt. Vernon possessed ADPFCU-owned cash at its vault.

35. McGarry unlawfully converted ADPFCU's cash for his personal enrichment.

36. As a result of this conversion, McGarry is liable to ADPFCU, jointly and severally, in the principal amount of $438,360.00, plus interest at the rate provided by 28 U.S.C. § 1961 and punitive damages in the amount of no less than $400,000.00.

**WHEREFORE**, Plaintiff ADPFCU demands that judgment be awarded in its favor against the Defendants, jointly and severally, in the principal amount of $438,360.00, plus interest at the rate provided by 28 U.S.C. § 1961, punitive damages in the amount of no less than $400,000.00, and such other relief as this Court deems proper.

Dated: New York, New York
May 7, 2010

HAHN & HESSEN LLP

By: /s/ Steven J. Mandelsberg
Steven J. Mandelsberg
Member of the Firm

488 Madison Avenue
New York, NY 10022
(212) 478-7200
*Attorneys for Plaintiff ADP Federal Credit Union*